**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6361**

———————

UNITED STATES OF AMERICA,

          Petitioner - Appellee,

    v.

DANIEL TRAVIS,

          Respondent - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:11-hc-02016-H-JG)

———————

Submitted: August 28, 2014      Decided: September 23, 2014

———————

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Jude Darrow, LAW OFFICE OF MARY JUDE DARROW, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, R. A. Renfer, Jr., Assistant United States Attorney, Michael E. Lockridge, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Travis appeals the district court's order committing him as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006 (the "Adam Walsh Act"), 18 U.S.C. §§ 4247-4248. Travis argues that the district court erred in finding that he would have serious difficulty in refraining from sexually violent conduct or child molestation if released because the court neglected to consider relevant evidence. We affirm.

The Adam Walsh Act allows for the civil commitment of sexually dangerous individuals following the expiration of their federal prison sentence. To civilly commit an individual as sexually dangerous, the government must prove by clear and convincing evidence that the individual: (1) has engaged or attempted to engage in child molestation; (2) currently suffers from a serious mental illness, abnormality, or disorder; and (3) as a result of the illness, abnormality, or disorder, would have serious difficulty in refraining from sexually violent conduct or child molestation if released. 18 U.S.C. §§ 4247(a)(5)-(6), 4248(d); United States v. Heyer, 740 F.3d 284, 291-92 (4th Cir. 2014).

On appeal, Travis does not contest the district court's findings that he has engaged in child molestation in the past and presently suffers from a serious mental illness,

2

abnormality, or disorder. He only contends that the district court erred in finding that he would have serious difficulty in refraining from sexually violent conduct or child molestation if released. Specifically, he argues that the court failed to consider relevant evidence that supported a contrary finding, including Dr. Plaud's opinion and the fact that Dr. Cunic did not characterize Travis as a sexually dangerous person until her most recent evaluation. We review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Hall, 664 F.3d 456, 462 (4th Cir. 2012). When the district court's findings are based on its assessment of conflicting expert testimony, this court is especially reluctant to set aside the district court's determinations. Heyer, 740 F.3d at 292. We will not reverse the district court's holding on the serious difficulty prong unless our review leaves us "with the definite and firm conviction that a mistake has been committed." United States v. Antone, 742 F.3d 151, 165 (4th Cir. 2014) (internal quotation marks omitted).

"The question of whether a person is sexually dangerous is by no means an easy one . . . . In the end, however, it is for the factfinder to decide among reasonable interpretations of the evidence and determine the weight accorded to expert witnesses." Hall, 664 F.3d at 467 (internal quotation marks omitted). The serious difficulty prong of

3

sexual dangerousness "refers to the degree of the person's volitional impairment, which impacts the person's ability to refrain from acting upon his deviant sexual interests." Id. at 463 (internal quotation marks omitted). The determination of a particular individual's risk of recidivism may rely not only on actuarial tests, but also on factors such as the individual's participation in treatment, ability to control his impulses, and commitment to controlling his behavior. Id. at 464. Also relevant are an individual's resistance to treatment, continuing "deviant sexual thoughts," and "cognitive distortions and thinking errors about the appropriateness of children as sexual partners." United States v. Wooden, 693 F.3d 440, 462 (4th Cir. 2012).

Our review of the record leads us to conclude that the district court did not err. The court thoroughly described the evidence and specifically noted Dr. Cunic's initial reports that opined that Travis did not meet the criteria for commitment. The court also explained in great detail its weighing of the experts' opinions, its reasons for finding Dr. Plaud's opinion less persuasive than Dr. Arnold's and Dr. Cunic's opinions, and its consideration of the other evidence in the case. The court's conclusion that Travis lacks the volitional control necessary to refrain from sexually violent conduct or child

4

molestation is based on the factors we have previously recognized as relevant and is amply supported by the record.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5